# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

_____

**ECHOSTAR TECHNOLOGIES CORPORATION**,

                Plaintiff,

- against -

ALBERTO DAVID,

                Defendant.

_____

**MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF
DEFAULT**
Civil No.  CV-04-10129 REK

1.  The attorneys for Plaintiff, **ECHOSTAR TECHNOLOGIES CORPORATION,** respectfully move  for a Judgment of Default and Order in the above referenced matter Defendant, **ALBERTO DAVID.**

2.  This action was commenced pursuant to 28 U.S.C. 605, *et seq*.  A copy of the summons and complaint was served on Defendant, **ALBERTO DAVID**, as set forth in the proof of service by Melvin Lark, which was filed with the Court on February 24, 2004, a copy of which is  annexed hereto as **Exhibit "A."**

3.  Having  failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Procedure, Defendant is in default.

4.  Plaintiff is an operator of a satellite television systems which provide state-of-the-art satellite entertainment programming services throughout many regions of the United States including, but not limited, to the **Massachusetts**  area.

5.  Plaintiff encrypts its satellite transmissions and employs  technology specifically designed to limit programming access to only those lawful subscribers who pay for its services.  The technology partially relies on "access cards" provided to consumers as components of the digital satellite system equipment and which, upon activation by Plaintiff, decrypt Plaintiff's satellite signals and permit subscribers to view programming.

1

6. These access cards are but one of the security measures employed by Plaintiff in order to protect its programming against unauthorized access ("Pirating").

7. The time within which Defendant may answer or otherwise move with respect to the Complaint herein has expired. Defendant has not answered or otherwise moved with respect to the Complaint and the time for Defendant to do so has not been extended.

8. Defendant is not an infant or incompetent. Upon information and belief, Defendant is not presently in the military service of the United States.

9. Defendant is indebted to Plaintiff in the following manner:

Defendant's satellite equipment has been identified as having been tampered with so as to enable the equipment to intercept and receive Plaintiff's proprietary signals without authorization from or payment to Plaintiff.

10. Defendant closed his account with Plaintiff and, on November 27, 2002, surrendered one (1) satellite receiver that had been in his possession as a legitimate subscriber to Plaintiff's services. On or about May 5, 2003, Plaintiff discovered that the satellite receiver Defendant returned showed evidence of having been tampered with while in Defendant's possession. The returned satellite receiver bore a six wire connector soldered to the main circuit board; this was not installed by Plaintiff. The six wire connector installed on Defendant's satellite receiver enabled him to intercept and receive programming beyond that for which he paid as a subscriber.

11. At all times, Defendant engaged in the unauthorized reception of Plaintiff's programming services with intent and specific knowledge that his use of the altered satellite receiver enabled him to intercept and receive Plaintiff's proprietary signals without Plaintiff's authorization and without having made payment to Plaintiff for reception of those signals. Defendant's unauthorized reception of Plaintiff's proprietary signals has been ongoing and continuous from the date Defendant activated his account with Plaintiff on July 17, 2002, until he returned the satellite receiver to Plaintiff on November 27, 2002.     12. Defendant's interception and receipt of Plaintiff's programming was, at all times, for purposes of private financial gain and Defendant

2

has acted, at all times, willfully and deliberately.   As a result thereof, Plaintiff was damaged in the following manner.

## STATUTORY CLAIMS

A.  Your deponent submits to the Court that Defendant is indebted to Plaintiff for assisting in the   intentional unlawful interception or receipt of Plaintiff's cable service in the amount of up to $110,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II).

(1)  Defendant willfully and deliberately violated said federal statute.  Defendant used the altered satellite receiver to receive and intercept Plaintiff's proprietary signals without Plaintiff's authorization. Defendant has engaged in the unauthorized reception of Plaintiff's programming services for the purposes of private financial gain and has acted, at all times, willfully and deliberately.

(2)  Defendant's acts were intentional and  performed with Defendant's knowledge and awareness that said acts were in violation of 47 U.S.C. §605(a), each act requiring scheming and overt acts justifying the imposition of damages in an amount up to the statutory maximum.

(3)  Accordingly, Plaintiff respectfully requests that damages in an amount up to the statutory maximum be awarded as to Defendant:

a.  The sum of up to $110,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II) for each intentional violation of 47 U.S.C. §605(a).

13.  Plaintiff requests Judgment by default  on each cause of action against Defendant, **ALBERTO DAVID,** in the aggregate sum of up to ONE HUNDRED TEN THOUSAND DOLLARS and 00/100 ($110,000.00), together with  interest on the sum of up to ONE HUNDRED TEN THOUSAND  and 00/100 ($110,000.00) DOLLARS from the date of the violation **(November 27, 2002)**.

3

14.  The Judgment requested herein is for a sum certain and, therefore, no inquest is necessary.

15.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in these default Judgments, as the interest of justice requires the issuance of Judgment as requested without further delay.

16.  We respectfully ask the Court to accept the following statutory authority for the damages requested.

### I. APPLICABLE STATUTORY AUTHORITIES

17.  Plaintiff respectfully submits that the statutory authority for the request of damages in an amount up to the statutory maximum is calculated as follows:

18.  Plaintiff seeks damages pursuant to 47 U. S. C. §605(e)(3)(C)(i)(II), which states as follows:

> the party aggrieved may recover an award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not less than $1,000, or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

19.  Subsection (a), as referred to above, prohibits the assistance in unauthorized reception ("interception") and divulgence ("publication/dissemination"), of said transmissions.

20.  Paragraph (4), as referred to above, prohibits any person from manufacturing, assembling, modifying, importing, exporting, selling, or distributing any device or equipment used to assist in the reception of satellite programming, or direct-to-home satellite services, or any device or equipment intended for any other activity prohibited by subsection (a), such as that presently before this Court.

21. In sum, Plaintiff seeks recovery from this Defendant upon the following authorities:

### FOR VIOLATION OF 47 U.S.C. § 605 (a)

A.    Pursuant to 47 U. S. C. §605 (e)(3)(C)(i)(II), statutory award in the sum of up to

4

$10,000.00;

B.    Full costs pursuant to 47 U. S. C. §605 (e)(3)(B)(iii); and

C.    Interest thereupon.

## FOR VIOLATION OF 47 U. S. C. § 605 (a)(4)

A.    Pursuant to 47 U. S. C. §605 (e)(3)(C)(i)(II), statutory award in the sum of up to $100,000.00;

B.    Full costs pursuant to 47 U. S. C. § 605 (e)(3)(B)(iii); and

C.    Interest thereupon.

## AUTHORITY FOR MAXIMUM STATUTORY AWARD

22. In **Time Warner Cable of New York City v. Olmo, 977 F. Supp. 585 (E.D.N.Y. 1997),** Judge Trager adopted the recommendation of Magistrate Judge Levy that he award increased statutory damages.

23.    The **Olmo** decision concerns claims against Mr. Olmo for which he admitted violations of both statutes being litigated herein. Dealing with his admitted modification of two devices, the court increased the damage award pursuant to statute against the defendant by holding as follows:

> In addition, the court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct. *See* **Fallaci v. The New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)** (inferring willfulness from defendant's default in a copyright infringement case). **Olmo at 589**.

24. Although the **Olmo** decision is not within the First Circuit and deals with an admission made by the defendant to an investigator, the decision is applicable to the present litigation as persuasive authority for Plaintiff's request for damages in an amount within the Court's discretion up to the statutory maximum.

25.    A defendant is deemed to have admitted all of the well pleaded allegations in Plaintiff's Complaint once the matter is in default. **Joe Hand Promotions, Inc. v. Salinetti, 148 F. Supp. 2d 119 (D. Mass. 2001); Fed. R. Civ. P. Rule 8(d)**.

26.     The Court in **Century ML-Cable Corporation v. Diaz, 39 F. Supp. 2d 121, 1999 R.S. Dist. LEXIS 3538 (D. P.R. 1999)**, pointed to the Defendant's willfulness and private financial gain as its basis in awarding enhanced damages.

27.     Courts have considered this factor, as well as deterrence, to justify an award of enhanced damages against a defaulting Defendant. In **BMI, Inc., v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996)**, a copyright infringement action, Magistrate Grubin, in recommending an enhanced damage award, wrote the following:

> An award of statutory damages totaling $ 12,000
> ($ 1,500 per song) is appropriate to compensate the copyright
> owners herein and to provide a deterrent for defendants and
> other would-be infringers. That sum is approximately five times
> what BMI license fees would have been plus plaintiffs' investigative
> expenses. That multiple of license fees is at the upper range
> of statutory damage awards in similar cases and *is high enough
> to deter others from calculating that it would be cheaper to
> violate the copyright laws than to obtain an appropriate
> license agreement* (emphasis ours).
> **BMI at 660.**

28. This is the exact argument presented to this Court herein. Plaintiff requests that it be granted an award pursuant to statute which not only acts as restitution for the wrongs perpetrated upon its rights by Defendants herein, but, also, to deter similar acts. This very argument was made by Judge Chin in **Cablevision Systems New York City Corporation v. Faschitti, 1996 U. S. Dist. LEXIS 1212, 38 U.S.P.Q. 2d (BNA) 1156 (S.D.N.Y. 1996),** wherein the Court insightfully opined that

> In light of the nature of the violation alleged in this case, however,
> I find that a higher award is necessary to deter future violations of
> the communications law. Faschitti's violation was willful and flagrant,
> and his failure to appear in the action illustrates his indifferent
> attitude toward the communications law (citation omitted). In addition
> it is likely that Faschitti's interception cost Cablevision more than simply
> the fees it would have received if those in the tavern had purchased the
> right to view the fight legitimately. Many non-subscribers may feel no
> need to subscribe to Cablevision when they can access programming

6

such as pay-per-view at commercial establishments. **Cablevision at p. 5 LEXIS**.

29. Likewise, the Court in **International Korwin Corp. v. Kowalczyk, 855 F.2d 375 (4th Cir. 1988) (citations omitted)**, opined that a relevant and, indeed, an important function of a damages award is to deter the future violation of the within statutes.

30. This is the exact form of market erosion Plaintiff**, ECHOSTAR TECHNOLOGIES CORPORATION,** has suffered and continues to suffer in the cable television market due to piracy and the assistance in piracy, such as that seen in the instant matter.

31. There is no legitimate function or purpose on a satellite system for a device which has been modified to descramble all scrambled satellite programming, such as pay-per-view events. The only purpose for such a device is to enable its user to receive unauthorized cable television programming without having to make payment to the provider. **Time Warner Cable of New York City v. Barbosa**, 2001 U.S. Dist. LEXIS 58.

32. Recognizing the value of deterring such piracy, several Circuits have awarded enhanced damages for willful violations. **Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc., 172 F. Supp. 2d 810 (4th Cir. 2001); Time Warner Entertainment v. Worldwide Electronics, L.C., 50 F. Supp. 2d 1288 (S.D. Fla. 1999); International Cablevision, Inc. v. Sykes, 997 F.2d 998 (2d Cir. 1993)**.

33. Pursuant to the 47 U.S.C. §605 (e)(3)(B)(iii), Plaintiff further requests costs and attorney's fees.

34. Pursuant to the statute, Plaintiff is also entitled to interest and is requesting interest at the rate of nine (9 %) per cent on said total sum of up to ONE HUNDRED TEN THOUSAND and 00/100 ($110,000.00) DOLLARS.

35. Such violations occurred when Defendant unlawfully altered the satellite receiver in his possession so that the receiver was able to intercept and receive Plaintiff's proprietary signals beyond those for which Defendant paid.

7

36. Plaintiff's litigation expenses as associated with the formation, pleading and filing of the above captioned matter are as outlined below:

A. Filing Fees -                    $150.00

B. Process Service Fees:        $ 90.00
   See Invoice #9945693 of Process Server attached as **Exhibit "B"**

See attached **Exhibit "C"** Affidavit of Stanley F. McGinnis.

**Total Litigation Expenses  ---   per Defendant $240.00**

40. We respectfully request that Judgment be entered in favor of Plaintiff and against Defendant in the manner stated herein.

**WHEREFORE**, Plaintiff, **ECHOSTAR TECHNOLOGIES CORPORATION,** requests that the default of Defendant

**ALBERTO DAVID**

be noted and that judgment be entered in favor of Plaintiff and against Defendant in the manner stated herein.

Dated: April 7, 2004
       Ellenville, NY 12428

                                        /s/ Wayne D. Lonstein
                                            Wayne D. Lonstein

Sworn to before me this 20th
day of May, 2004

/s/ April Draganchuk
     *April Draganchuk*
*Notary Public State of New York*
*Registration  No. 4945872*
*Residing in Ulster County*
*My Commission Expires Jan. 27, 2007*

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel was unable to hold a conference prior to bringing its Motion for Default as Defendant is in default, never having responded to Plaintiff's Summons and Complaint.

                                        /s/   Wayne D. Lonstein
                                        Wayne D.  Lonstein